IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03459-PAB

BUFFY ROCKWELL,

     Plaintiff,

v.

SITE CENTERS CORP.,
DDR MCH East II LLC, and
DDR MCH West LLC,

     Defendants.

---

### ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the Notice or Removal [Docket No. 1] filed by defendants Site Centers Corps., DDR MCH East II LLC, and DDR MCH West LLC.  Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 13.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendants assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 3, ¶ 13.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of

plaintiff are not well-pled.[1]

The Notice of Removal states that plaintiff is a citizen of Colorado, and in support cites the state court complaint.  Docket No. 1 at 4, ¶ 14.  The state court complaint states merely that plaintiff "is a resident of Elbert County, Colorado."  Docket No. 3 at 1, ¶ 1.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the

---

[1] The magistrate judge additionally recognized that the citizenship of defendants DDR MCH East II LLC and DDR MCH West LLC were not well-pled because the identity and citizenship of the members of both LLCs had not been pled.  Docket No. 10.  Accordingly, the magistrate judge ordered defendants to show cause, on or before January 18, 2022, why the case should not be remanded due to the Court's lack of subject matter jurisdiction.  *Id.*  On January 18, 2022, defendants filed an amended corporate disclosure statement identifying the LLCs' members and their citizenship.  *See* Docket No. 11.  Accordingly, the Court finds that the basis of the magistrate judge's order to show cause has been fulfilled.

state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Because the allegations regarding plaintiff's citizenship are not well-pled, the Court is unable to determine the citizenship of plaintiff and whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

ORDERED that, on or before **February 4, 2022**, defendants shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.  It is further

ORDERED that the magistrate judge's order to show cause, Docket No. 10, is **DISCHARGED**.

DATED January 21, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

4